11-2654-ag
Chen v. Holder

BIA
LaForest, IJ
A070 906 815

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of September, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > Chief Judge,
>
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > Circuit Judges.

_____

HE SHENG CHEN,
> *Petitioner,*

> v.                                    11-2654-ag
> > > > > > > > > > > > > > > > > NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Jessica R. C. Malloy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner He Sheng Chen, a native and citizen of the People's Republic of China, seeks review of a June 6, 2011 decision of the BIA affirming the April 28, 2010 decision of Immigration Judge ("IJ") denying his motion to reopen his immigration proceedings. *In re He Sheng Chen*, No. A070 906 815 (B.I.A. June 6, 2011), aff'g No. A070 906 815 (Immig. Ct. N.Y. City Apr. 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

For completeness' sake, we review both the IJ's and the BIA's opinions. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Generally, a motion to reopen must be filed within 90 days of the final administrative order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the

2

90-day period may be equitably tolled when the motion is based on a claim of ineffective assistance of counsel, in order to warrant equitable tolling, an alien must demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey,* 533 F.3d 127, 131-32 (2d Cir. 2008); *see also Cekic v. INS,* 435 F.3d 167, 170 (2d Cir. 2006).

Here, over eleven years elapsed between Chen's September 1998 withdrawal of his asylum application and his April 2010 motion to reopen his immigration proceedings. Chen argues that it was not until 2009, when his current counsel explained to him that his previous counsel had improperly presented his asylum application, that he discovered that his previous counsel had been ineffective, and that he has acted with due diligence since that discovery. We have held, however, that "even an alien who is unfamiliar with the technicalities of immigration law can, under certain circumstances, be expected to comprehend that he has received ineffective assistance without being explicitly told so by an attorney." *Rashid*, 533 F.3d at 132, n.3; *see also Cekic*, 435 F.3d at 171 (holding

that although petitioners reasonably relied on their attorney's assurances that he was actively pursuing their case, they should have known they received ineffective assistance once they "were aware that there was an order of removal against them").  Chen's affidavit supports the conclusion that he was aware in 1998 that his attorney was ineffective as it shows that he withdrew his asylum application after realizing that his attorney had failed to prepare or to request of him any supporting evidence.  The agency reasonably concluded that, at the time of that withdrawal and the IJ's grant of voluntary departure, Chen was aware that he had received ineffective assistance of counsel.

Chen argues that *Rashid* is inapplicable because the facts of his case are comparable to other cases in which we have held that an alien may reasonably rely on an attorney's assurances that his case is being pursued.  Although in certain contexts an attorney's assurances may excuse an alien's failure to pursue his claims, *see, e.g., Cekic*, 435 F.3d at 171; *Aris v. Mukasey*, 517 F.3d 595, 600 (2d Cir. 2008), Chen does not argue that he failed to pursue his claims because he believed that an attorney was pursuing them for him, or because an attorney had given him incorrect advice.

4

Rather, the record supports the conclusion that Chen was aware in 1998 that he received ineffective assistance but that he failed to exercise due diligence in pursuing his claims from that date until April 2010.

The agency did not abuse its discretion in finding that Chen's motion to reopen was untimely. Because that finding is dispositive, we decline to consider Chen's argument that he is *prima facie* eligible for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1229a(c)(7)(C). Finally, we lack jurisdiction to consider Chen's argument that the agency abused its discretion in failing to exercise its authority to reopen his proceedings *sua sponte*. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk